**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Ruben JIMENEZ–SILVESTRE, also
known as Juan De La Vellano,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee**

v.

**Juan De La Vellano, also known
as Ruben Jimenez–Silvestre,
Defendant–Appellant.**

Nos. 06–50875, 06–50883
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western , District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendants–Appellants.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Ruben Jimenez–Silvestre, who is also known as Juan De La Vellano, appeals following his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation and the concomitant revocation of his supervised release. He argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the three-year term of supervised release imposed in relation to his new conviction exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Jimenez–Silvestre's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005); *Rangel–Reyes v. United States*, —— U.S. ——, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v.*

*Pineda–Arrellano*, 492 F.3d 624 (5th Cir. 2007). Jimenez–Silvestre properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Jimenez–Silvestre's appeal of his revocation of supervised release was consolidated with the instant appeal. He has not, however, raised any argument with respect to these proceedings. Any such claim is thus deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.